IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

REBECCA MOSHER,

               Plaintiff,

    v.                                              Civil Action No.
                                                              8:14-CV-0314 (DEP)

CAROLYN A. COLVIN, Commissioner of
  Social Security,

               Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

SCHNEIDER LAW FIRM           MARK SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, New York 12901

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     LAUREN E. MYERS, ESQ.
United States Attorney for the       Special Assistant U.S. Attorneys
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on November 21, 2014, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: November 21, 2014
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
REBECCA MOSHER,

                    Plaintiff,

vs.                                 14-CV-314

CAROLYN COLVIN,
Commissioner of Social Security,

                    Defendant.
------------------------------------------x
```

*DECISION* (Telephone Conference) November 14, 2014

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | MARK A. SCHNEIDER<br>Attorney at Law<br>57 Court Street<br>Plattsburgh, New York 12901 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>26 Federal Plaza<br>New York, New York 10278<br>  BY:  LAUREN E. MYERS, ESQ. |

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1    THE COURT: All right. Thank you. I'll have to
2 let that be the last word. I appreciate your excellent
3 written and oral presentations. Let me begin with a little
4 background information.
5    According to the record in this case, the plaintiff
6 was born in January of 1967. If my math serves me correctly,
7 she is currently 47 years of age and was 45 years old at the
8 time of the Administrative Hearing in this matter. She lives
9 in St. Regis Falls with her mother and a niece. She has a
10 tenth grade education. She left school because, according to
11 her, she could not deal with people. She has since achieved
12 a GED degree.
13    She clearly suffers from a diagnosed mental
14 condition. It has been variously diagnosed, including by
15 treating sources, as anxiety disorder and depressive
16 disorder. Dr. Hartman, the consultative psychological
17 examiner, diagnosed her with having a panic disorder with
18 agoraphobia and dysthymic disorder. She currently treats
19 with Citizen Advocates including Nurse Practitioner Harry
20 Hill and Licensed Counselor Julia Kingsley, the latter two
21 times per month. She has been prescribed Fluoxetine, which
22 is the generic version of Prozac as I understand it.
23    Physically she has been diagnosed with Hidradenitis
24 Suppurativa (HS) or skin lesions. She treats for that with
25 Alice Hyde Medical Center. And she underwent surgery for

removal of one of the lesions in November of 2010. She last worked in 2003, babysitting for a niece, and before that in chambermaid positions.

Procedurally, she applied for Supplemental Security Income, or SSI, benefits on June 17, 2011, alleging an onset date of January 1, 2004. A hearing was conducted in 2012 by Administrative Law Judge -- September 12, 2012, to be precise, by Administrative Law Judge Arthur Patane. ALJ Patane issued a decision on November 9, 2012, finding that the plaintiff was not disabled and, therefore, denying her application for benefits.

That decision was upheld when the Social Security Administration Appeals Council denied review on March 5, 2014, making the ALJ's decision a final determination of the agency. In his decision, succinctly stated, the Administrative Law Judge found that at Step Two only the Affective and Anxiety Disorder constituted severe impairments, rejecting, among other things, the HS. Then he considered listings 12.04 and 12.06 and concluded that plaintiff's mental conditions did not meet or medically equal either of those listings.

He then turned to determination of the plaintiff's RFC and concluded that she retains Residual Functional Capacity, notwithstanding her medical conditions, to perform a full range of work at all exertional levels with the

1  following limitations:  She's capable of performing unskilled
2  work which involves little or no judgment to do simple,
3  routine or repetitive tasks that can be learned on the job in
4  a short period of time; she can occasionally but not
5  frequently interact with supervisors, co-workers and the
6  public due to social anxiety; she can have occasional changes
7  in the work setting; and due to difficulty managing stress,
8  she can make simple decisions but not complex ones.
9           Thereafter concluded based upon that RFC that she
10 is unable to perform the past relevant work.  He didn't find
11 any past relevant work to speak of.  And applying the grids
12 concluded that she is not disabled and that the
13 non-exertional limitation does not sufficiently erode the job
14 base on which the grids are predicated to warrant vocational
15 expert testimony.
16          The first issue to be addressed concerns
17 plaintiff's HS condition.  Clearly she has a diagnosed and
18 chronic HS condition.  That's referenced at Administrative
19 Transcript 289.  She receives treatment.  She has testified
20 that she's always had some lesions.  That's at page 34 of the
21 Transcript.  Some are as large as golf balls.  That's at
22 page 35.  She has three to four flair-ups per year which can
23 last between weeks and months.  That's at page 35.  When she
24 gets a lesion under her arm, it limits the use of her arm.
25 That's at page 36.  When they appear in her groin area, she's

1  unable to sit comfortably.  That's at page 37.

2          There is medical evidence, including a report of
3  Dr. Woodhouse, her surgeon, from November, the year she had
4  her surgery, that she suffers from infra-mammary and axillary
5  hydradenitis.  That's at page 177.  And as we discussed,
6  Dr. Wassef determined that there was significant scarring,
7  including under both, in the areas of both axilla.  That's at
8  page 239.

9          In my view the showing required at Step Two is
10 relatively modest and is met in this case by the plaintiff,
11 by her testimony and by the medical evidence presented.  I
12 agree with Mr. Schneider that this is a type of chronic
13 condition that is not curable and it is only treatable.  The
14 ALJ should have considered it at Step Two and should have
15 considered and explained why he felt either she did or did
16 not meet listing 8.06, and in doing so should have considered
17 the factors listed at 8.00C, and did not.  So I conclude that
18 that was error and the determination is not supported by
19 substantial evidence to that effect.

20         Turning to the mental condition, I agree that the
21 mental condition itself does not meet or medically equal the
22 listings 12.04 and 12.06.  I think that I could say that that
23 determination is supported by substantial evidence.
24 Counselor Kingsley did not identify any marked limitations.
25 I do have some concern with regard to the GAF, or Global

1  Assessment of Functioning, notations by Nurse Practitioner
2  Hill.  Have indicated that there are several in the 43 to 45
3  range under the DSM-IV that indicates a person with serious
4  symptoms such as suicidal ideations, severe obsessional
5  rituals, and frequent shoplifting rendering serious
6  impairment in social, occupational or school functioning,
7  such as a lack of friends or an inability to maintain
8  employment.
9         I understand the DSM-V has done away with GAF
10 scoring and also GAF scoring is primarily intended for
11 treatment purposes and not for purposes of proving mental
12 disability.  However, certainly it suggests to me that the
13 ALJ should have, in formulating his RFC should have taken the
14 mental condition into account.
15         In my view the confluence or combination of HS,
16 plaintiff's mental condition, her obesity based upon her
17 testimony should have been taken into account in the RFC
18 determination, which I find is not supported by substantial
19 evidence.
20         On the other hand, although I'm asked to remand
21 with a directed finding of disability, that is warranted only
22 when there is persuasive proof of disability in the record
23 and a further development of the record would not serve any
24 purpose.  In my view that standard is not met.  And the
25 reason why the matter should be set aside and remanded is for

1  the ALJ to consider the HS and whether she meets or medically
2  equals listing 8.06 and for a full explanation of either why
3  she does or why she doesn't, and for a better explanation of
4  the RFC and why the combination of obesity, plaintiff's
5  mental condition and her HS doesn't warrant a more
6  restrictive Residual Functional Capacity.
7       So, in short, I grant judgment on the pleadings to
8  the plaintiff.  I will vacate the determination of the agency
9  and remand for further proceedings consistent with my
10 decision.
11      Again, thank you both, and I hope you have a good
12 weekend.
13      MR. SCHNEIDER:  Thank you.
14      MS. MYERS:  Thank you, Your Honor.
15              *           *           *

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter